ORAL ARGUMENT NOT SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| In re: KELLOGG BROWN & ROOT, INC., *et al.,*<br><br>Petitioners. | No. 14-5319 |

### Motion for Extension of Time and to Exceed Page Limits for Which To File A Combined Response To Petitioners' Motion for Stay and Petition for Writ of Mandamus

Respondent Mr. Harry Barko, by and through counsel, hereby moves for an extension of time and leave to exceed the page limits for filing his combined response to Petitioner Kellogg, Brown & Root, Inc., et al. (hereinafter, "KBR") Motion for Stay and Petition for Writ of Mandamus. Pursuant to this Court's Order dated December 23, 2014 Mr. Barko must file his combined response on or before January 7, 2015, and this combined response cannot exceed 30 pages. Mr. Barko seeks a 30-day enlargement of time, and seeks leave to file a combined response that would not exceed the word limitation set forth in Federal Rule of Appellate Procedure 32(a)(7) and Circuit Rule 32(a)(1). This is Mr. Barko's first request for an enlargement of time or for leave to

exceed the page limitations for filing his combined response. As set forth below, exceptional circumstances justify this motion. KBR's counsel was consulted about this motion and they do not consent to either request and have asked Mr. Barko's counsel to inform the Court of its intent to file an opposition. A proposed order is attached.

## BACKGROUND

On December 19, 2014, KBR filed a motion for an emergency stay and a petition for a writ of mandamus challenging two separate, detailed and fact-specific orders issued by the District Court,[1] raising six substantive legal issues, and further requesting the removal and reassignment of the trial judge on a matter five months from trial, and further asserting that their interlocutory petition meets the stringent four-part test for a mandamus.

By *per curiam* order dated December 23, 2014, this Court entered an administrative stay and a briefing schedule on KBR's motion for stay and petition for writ of mandamus. The Court set January 7, 2015 as the deadline for Respondent to file by hand-delivery a combined

---

[1] The two orders for which mandamus is sought were issued by the District Court on November 20, 2014 [Doc. 205] and December 18, 2014 [Doc. 231].

response to the motion for stay and petition and set a 30-page limit for the combined response.

## EXCEPTIONAL CIRCUMSTANCES WARRANT THE ENLARGMENTS RQUESTED BY TMR. BARKO

The petition filed by KBR raises serious and complex issues, some of which were subject to extensive briefing in the district court. It is simply not possible for Mr. Barko to address the six substantive issues raised by KBR, the merits of the request for mandamus review, and the removal of a presiding judge, let alone also address the factual and legal issues raised in KBR's motion for stay, under the normal page limitations applicable to mandamus proceedings. It is in the interests of justice to permit Mr. Barko the time and page limits necessary to properly address the multitude of issues presented, some of which could set important precedent.[2]

---

[2] The complexity of the issues raised by the KBR Petitioners are exemplified by the filings and orders found in the district court record that directly pertain to the issues now before this Court. They include but are not limited to: Doc. 180 (39 page and 6 exhibit Barko Position Paper on waiver and unfulfilled discovery obligations); Doc. 181 (18 page KBR Position Paper on waiver); Doc. 184 (3 page Order requiring disclosure of information); Doc. 187 (28 page and 7 exhibit KBR response to Barko Position Paper); Doc. 188 (18 page and 5 exhibit Barko response to KBR Position Paper); Doc. 190 (Government response and exhibit to Order [Doc. 184]); Doc. 193 (15 page and 2 exhibit KBR

3

Mr. Barko's counsel has carefully reviewed KBR's petition and motion, and has determined that in order to adequately address the numerous and complex factual and legal issues raised by KBR's petition and motion, his counsel will need a 30-day enlargement of time regardless of the size of the brief, and a word limit consistent with Federal Rule of Appellate Procedure 32(a)(7) and Circuit Rule 32(a)(1) (i.e. 14,000 word limit) if all of the issues are to be adequately briefed.

In regard to the request for an enlargement of time, additional factors justify granting this portion of the motion.  First, this Court has issued an administrative stay of the two challenged district court orders and the delay resulting from the extension will not prejudice KBR. Second, due to the holiday schedule, existing out-of-town travel of

---

response to Order [Doc. 184]); Doc. 194 (11 page Barko reply to KBR response to Order [Doc. 184]); Doc. 199 (8 page KBR response to Doc. 194); Doc. 200 (11 page KBR opposition to motion to compel); Doc. 202 (3 page Barko response to KBR opposition to motion to compel); Doc. 204 (Opinion and Order);   Doc. 205 (35 page District Court Order resolving Docs. 135, 180, 181, 187, 188, 193, 194); Doc. 207 KBR amended summary judgment motion); Doc. 208 (25 page and 2 exhibit KBR motion for reconsideration); Doc. 210 (11 page and 4 exhibit KBR Position Paper in response to Doc. 210); Doc. 213 (20 page Barko response to motion for reconsideration) Doc. 216 (10 page Barko Position Paper); Doc. 217 (12 page KBR response to Doc. 210); Doc. 220 (18 page KBR reply in support of reconsideration of Doc. 208); Doc. 231 (22 page Order resolving Docs. 180, 216, 217).

4

counsel, and family travel plans, it would work a substantial hardship to force a cancelation of planned events. The nature of some of the holiday events renders it very difficult, if not impossible, to seek to postpone them. Unless an enlargement of time is granted these pre-existing family conflicts will likely result in the submission of an inadequate or incomplete response to KBR's wide-ranging and complex petition and motion.

Rushing a response to these difficult issues, without the ability to adequately address the merits of KBR's numerous factual and legal contentions, does not serve the interests of justice. This is especially true in light of KBR's request to reassign this case to a new trial judge. Any such reassignment would seriously disrupt the proceedings below, and the merits of this request (which concerns a review of the record in this case outside of the two orders for which KBR sought mandamus review) adds an additional layer of briefing requirements far in excess of a more typical mandamus review that raises one (or maybe two) issues related to a single court order.

Exceptional circumstances exist to grant a 30-day extension of time in which to file a combined response, and to enlarge the page

limitations for this response in a manner consistent with the page limits set forth in Federal Rule of Appellate Procedure 32(a)(7) and Circuit Rule 32(a)(1).

## CONCLUSION

For the foregoing reasons, Respondent's motion for an extension of time should be granted and the page limitations for Mr. Barko's combined response should be revised in the following manner:

(1)  Respondent-Relator Harry Barko shall file a combined response to the motion for stay and petition for writ of mandamus by February 6, 2015; and

(2)  The length of Mr. Barko's combined response shall be consistent with the word limitations established by Federal Rule of Appellate Procedure 32(a)(7) and Circuit Rule 32(a)(1).

Respectfully submitted,
/s/ Michael D. Kohn

Michael D. Kohn
Stephen M. Kohn
David K. Colapinto
Kohn, Kohn & Colapinto, LLP
3233 P Street, N.W.
Washington, D.C.  20007-2756
Phone:  (202) 342-6980
Fax:     (202) 342-6984

December 24, 2014          *Attorneys for Harry Barko*

# ADDENDUM

## CERTIFICATE AS TO PARTIES

Pursuant to Circuit Rule 27(a)(4) and 28(a)(1) Petitioner Harry Barko hereby refers the Court to the list of parties identified by the Petitioners, and further lists the parties in this action:

The Respondent Mr. Harry Barko.

The United States is a party in interest, but has not made a decision whether or not to intervene in this proceeding.

The Petitioners and the defendants in the lower court action: Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown & Root International, Inc. (a Delaware Corporation), Kellogg Brown & Root International, Inc. (a Panamanian Corporation), and Halliburton.

Respectfully submitted,

/s/ Michael D. Kohn

*Attorneys for Mr. Barko*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served on

this 24th day of December, 2014, by U.S Mail, postage prepaid, on:

Beverly M. Russell
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

The Honorable James S. Gwin
U.S. District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtoom 18A
Cleveland, OH 44113-1838

and electronically via the Court's ECF system on:

John P. Elwood
Tirzah Lollar
Jeremy C Marwell
Joshua S. Johnson
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W., Suite 500 West
Washington, D.C. 20037

John M. Faust
Law Office of John M. Faust, PLLC
1325 G Street, N.W., Suite 500
Washington, D.C. 20005

By:   <u>/s/ Michael D. Kohn</u>
       Michael D. Kohn